

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 4, 2006

The Honorable Bruce Isaacks
Denton County Criminal District Attorney
Post Office Box 2344
Denton, Texas 76209

Opinion No. GA-0489

Re: Amendments made in 2003 to Family Code chapter 107 and the circumstances related to those changes in which a county may pay for the services of an amicus attorney, attorney ad litem, or guardian ad litem appointed in a private suit affecting the parent-child relationship   (RQ-0493-GA)

Dear Mr. Isaacks:

You ask about amendments made in 2003 to Family Code chapter 107 and the circumstances related to those changes in which a county may pay for the services of an amicus attorney, attorney ad litem, or guardian ad litem appointed in a private suit affecting the parent-child relationship.[1]

Family Code chapter 107, subchapter B, part 2 establishes guidelines for appointing and compensating amicus attorneys,[2] attorneys ad litem,[3] and guardians ad litem[4] in suits affecting the parent-child relationship ("SAPCR"), other than suits filed by a governmental entity. See TEX. FAM. CODE ANN. §§ 107.021–.023 (Vernon Supp. 2006). Relevant here, section 107.021 currently permits a court to appoint such attorneys and guardians in "a suit in which the best interests of a child are at issue, other than a suit filed by a governmental entity." Id. § 107.021(a). Or in the case of "a suit requesting termination of the parent-child relationship that is not filed by a governmental entity," the court shall appoint an amicus attorney or an attorney ad litem, "unless the court finds that the

---

[1]See Letter from Honorable Bruce Isaacks, Denton County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2 (May 11, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]An amicus attorney is "an attorney appointed by the court in a suit, other than a suit filed by a governmental entity, whose role is to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child." TEX. FAM. CODE ANN. § 107.001(1) (Vernon Supp. 2006).

[3]An attorney ad litem is "an attorney who provides legal services to a person, including a child, and who owes to the person the duties of undivided loyalty, confidentiality, and competent representation." Id. § 107.001(2).

[4]A guardian ad litem is "a person appointed to represent the best interests of a child"; this term includes certain non-attorney professionals. Id. § 107.001(5).

interests of the child will be represented adequately by a party to the suit whose interests are not in conflict with the child's interests." *Id.* § 107.021(a–1). In this opinion, we will refer to a Family Code chapter 107 SAPCR that is not filed by a governmental body as a "private SAPCR."

Your questions relate to the compensation of an amicus attorney, attorney ad litem, or guardian ad litem appointed in a private SAPCR. Regarding such compensation, section 107.021 requires a court—presiding over a private SAPCR—to "give due consideration to the ability of the parties to pay reasonable fees to the appointee" and to "balance the child's interests against the cost to the parties that would result from an appointment by taking into consideration the cost of available alternatives for resolving issues without making an appointment." *Id.* § 107.021(b)(1). A court "may not require a person appointed under this section to serve without reasonable compensation for the services rendered by the person." *Id.* § 107.021(b)(3). And where a court has ordered an appointment, section 107.023 requires the court to "determine the fees and expenses of an amicus attorney, an attorney ad litem, or a guardian ad litem[;] . . . order a reasonable cost deposit to be made at the time the court makes the appointment; and . . . before the final hearing, order an additional amount to be paid to the credit of a trust account for the use and benefit of the amicus attorney, attorney ad litem, or guardian ad litem." *Id.* § 107.023(b). But a "court may not award costs, fees, or expenses to an amicus attorney, attorney ad litem, or guardian ad litem, against the state, a state agency, or a political subdivision of the state under this part." *Id.* § 107.023(c). That is, sections 107.021 and 107.023 work in conjunction to impose costs of attorney and guardian appointments on the parties to a private SAPCR in all cases, but require a court to minimize those costs to the extent possible by ordering alternatives to attorney and guardian services. Finally, though, where an appointment is made for a child, section 107.023(d) grants a court discretion to determine that such attorney or guardian's fees "are necessaries for the benefit of the child." *Id.* § 107.023(d).

Sections 107.021 and 107.023, however, were added to chapter 107 in 2003 as a part of a comprehensive reform of that chapter.[5] They became effective September 1 of that year and applied only to suits filed on or after that date.[6] Before the 2003 changes in law, chapter 107 contained a provision that specifically provided for a county to pay the expenses of certain appointees in a private SAPCR involving indigent parents.[7] Indeed, prior to the 2003 changes, former section 107.015(c) provided that, where an attorney was appointed to represent a child or parent in a suit to terminate

---

[5]*See* Act of May 27, 2003, 78th Leg., R.S., ch. 262, 2003 Tex. Gen. Laws 1173, 1173 (House Bill 1815); *see generally* HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. H.B. 1815, 78th Leg., R.S. (2005) at 6, *available at* http://www.hro.house.state.tx.us/PDF/ba78R/HB1815.PDF (commenting on the need for legislation that would clarify the roles of attorneys and volunteer advocates appointed by a court in private custody cases) (last visited Nov. 27, 2006); HOUSE COMM. ON JUVENILE JUSTICE AND FAMILY ISSUES, INTERIM REPORT TO THE 78TH LEGISLATURE 3–12 (2002), *available at* http://www.lrl.state.tx.us/scanned/interim/77/j987.pdf (commenting on the need for comprehensive reform of Family Code chapter 107) (last visited Nov. 27, 2006).

[6]*See* Act of May 27, 2003, 78th Leg., R.S., ch. 262, §§ 2–3, 2003 Tex. Gen. Laws 1173, 1183.

[7]*See* Act of May 30, 1999, 76th Leg., R.S., ch. 1390, § 6, sec. 107.015(c), 1999 Tex. Gen. Laws 4696, 4698.

the parent-child relationship, and the parents were shown to be indigent, such attorneys "shall be paid from the general funds of the county."[8] The court could not award attorney ad litem fees under former chapter 107 against the state, a state agency, or a political subdivision, except as provided by former section 107.015(c).[9] It is the change in law from this former statutory scheme, which allowed a county to compensate certain appointees in a private SAPCR, that forms the basis of your questions. *See* Request Letter, *supra* note 1, at 2–4.

You ask three questions premised on the following hypothetical scenario:

> [Where] the government is not a party, but a Court has found it necessary to appoint an amicus attorney/ attorney ad litem/ guardian ad litem:
>
> 1. When is it permissible for the County to pay for the services of an amicus attorney, attorney ad litem, or guardian ad litem for cases filed prior to September 1, 2003 and cases filed after September 1, 2003?
>
> 2. When is it mandatory for the County to pay for the services of an amicus attorney, attorney ad litem, or guardian ad litem for cases filed prior to September 1, 2003 and cases filed after September 1, 2003?
>
> 3. When is the County prohibited to pay for the services of an amicus attorney, attorney ad litem, or guardian ad litem for cases filed prior to September 1, 2003 and cases filed after September 1, 2003?

*Id.* at 4. For conceptual ease, we answer your questions relative to each type of appointee.

*Amicus Attorneys*

Before September 1, 2003, Family Code chapter 107 did not provide for the appointment of an "amicus attorney."[10] Thus, in a case filed before September 1, 2003, a county would have had no basis to pay any costs of an amicus attorney because no such attorney existed in Family Code chapter 107. For a private SAPCR filed after September 1, 2003, section 107.023 expressly prohibits awarding "costs, fees, or expenses to an amicus attorney . . . against the state, a state agency, or a political subdivision of the state." TEX. FAM. CODE ANN. § 107.023(c) (Vernon Supp. 2006). Thus,

---

[8]Act of May 30, 1999, 76th Leg., R.S., ch. 1390, § 6, sec. 107.015(c), 1999 Tex. Gen. Laws, 4696, 4698.

[9]*See id.*

[10]*See* Act of May 27, 2003, 78th Leg., R.S., ch. 262, § 1, sec. 107.001(1), 2003 Tex. Gen. Laws 1173, 1174 (adding "amicus attorney" as a type of appointment that may be made in a SAPCR and describing the attorney's duties).

a county may not pay the costs of an amicus attorney in a private SAPCR filed on or after September 1, 2003.

### Attorneys Ad Litem

As we have already stated, before the 2003 amendments, chapter 107 required that an attorney—appointed to represent a child or parent in a suit to terminate the parent-child relationship involving indigent parents—be paid from the general funds of the county.[11] The former law did not permit a court in any other private SAPCR to award attorney ad litem fees under former chapter 107 against the state, a state agency or a political subdivision.[12] The 2003 amendments, moreover, applied only to suits filed on or after the amendments' effective date.[13] Therefore, a county is required to pay the costs of an attorney appointed to represent a child or parent in a private suit to terminate the parent-child relationship filed before September 1, 2003, and involving indigent parents. But a county is prohibited from paying for such services in any other private SAPCR filed before September 1, 2003. And under current law, a court may not award costs, fees, or expenses to an attorney ad litem against the state, a state agency, or a political subdivision of the state in any private SAPCR. *See id.* Thus, a county is prohibited from paying for such services in a private SAPCR filed on or after September 1, 2003, regardless of the parties' indigence.

### Guardians Ad Litem

Former Family Code section 107.001 defined "guardian ad litem" as "*an attorney*, a volunteer advocate appointed under [former] Section 107.031, or another adult having the competence, training, and expertise determined by the court to be sufficient to represent the best interests of the child."[14] In certain circumstances, then, a guardian ad litem could be an attorney appointed to represent a child's best interests in a SAPCR. As we have already stated, before the 2003 amendments, chapter 107 required that an attorney appointed to represent a child or parent in a suit to terminate the parent-child relationship involving indigent parents be paid from the general funds of the county.[15] The former law did not permit a court in any other private SAPCR to award attorney ad litem fees under former chapter 107 against the state, a state agency or a political subdivision.[16] There was, moreover, no provision permitting a county to compensate a guardian ad

---

[11]Act of May 30, 1999, 76th Leg., R.S., ch. 1390, § 6, sec. 107.015(c), 1999 Tex. Gen. Laws, 4696, 4698.

[12]*See id.* sec. 107.015(a)–(c), at 4697–98 (applying only to compensation of an attorney appointed in suit involving the termination of parental rights).

[13]Act of May 27, 2003, 78th Leg., R.S., ch. 262, §§ 2–3, 2003 Tex. Gen. Laws 1173, 1183.

[14]Act of May 28, 1997, 75th Leg., R.S., ch. 1294, § 1, sec. 107.001(d), 1997 Tex. Gen. Laws 4930, 4931 (emphasis added).

[15]Act of May 30, 1999, 76th Leg., R.S., ch. 1390, § 6, sec. 107.015(c), 1999 Tex. Gen. Laws 4696, 4698.

[16]*See id.* sec. 107.015(a)–(c), at 4697–98 (applying only to compensation of an attorney appointed in suit involving the termination of parental rights).

litem who was not also an attorney.[17]  And these laws applied only to suits filed before the 2003 amendments' effective dates.  Accordingly, a county is required to pay the costs of a guardian ad litem—who is also an attorney—appointed to represent a child's best interests in a private suit to terminate the parent-child relationship filed before September 1, 2003, and involving indigent parents.  A county is prohibited from paying for such services in any other private SAPCR filed before September 1, 2003.  And under current law, a court "may not award costs, fees, or expenses to . . . [a] guardian ad litem against the state, a state agency, or a political subdivision of the state" in any private SAPCR.  TEX. FAM. CODE ANN. § 107.023(c) (Vernon Supp. 2006).  Thus, a county is prohibited from paying for such services in a private SAPCR filed on or after September 1, 2003, regardless of the parties' indigence.[18]

---

[17]*See generally* Act of May 26, 1995, 74th Leg., R.S., ch. 751, 1995 Tex. Gen. Laws 3888, 3888; Act of May 28, 1997, 75th Leg., R.S., ch. 1294, 1997 Tex. Gen. Laws 4930, 4930; Act of May 30, 1999, 76th Leg., R.S., ch. 1390, 1999 Tex. Gen. Laws 4696, 4696.

[18]In the brief accompanying your request, you suggest that changes to Family Code chapter 107 made by the Seventy-ninth Legislature during its 2005 regular session may be relevant to whether a county may pay for the services of an amicus attorney, attorney ad litem or guardian ad litem in a private SAPCR.  *See* Request Letter, *supra* note 1, at 2 ("In 2005 the legislature passed revisions to § 107.021 and § 107.023 which appear of their face to conflict with previously passed provisions.").  We have reviewed these changes, and they do not affect our conclusion.

## S U M M A R Y

Certain former provisions in Family Code chapter 107 apply to suits affecting the parent-child relationship filed before September 1, 2003. Under those former provisions, a county is required to pay the costs of an attorney—including a guardian ad litem who is also an attorney—appointed to represent a child in a private suit to terminate the parent-child relationship filed before September 1, 2003, and involving indigent parents. A county may not pay for an attorney ad litem's or guardian ad litem's fees in any other private suit affecting a parent-child relationship filed before September 1, 2003. And a county may not pay for an amicus attorney's fees in any private suit affecting the parent-child relationship filed before September 1, 2003.

Under the current provisions of Family Code chapter 107, a county may not pay for the services of an amicus attorney, attorney ad litem, or guardian ad litem in a private suit affecting the parent-child relationship filed on or after September 1, 2003, regardless of the parties' indigence.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee